# SUPERIOR COURT.

## SPRING SESSIONS,

## 1862.

CALEB S. LAYTON v. RICHARD FRANCE and STEPHEN BROAD-
BENT.

On a single bill for the sum of twenty thousand dollars to be paid in the
manner and form following, the sum of one thousand dollars on the first
day of January ensuing and the balance thereof in nineteen annual in-
stalments of one thousand dollars each on the first day of January in
each and every year thereafter, an action of debt will not lie for a single
instalment, nor until after the whole sum has become due and payable
under it.

THIS was an action of debt at the suit of Caleb S. Lay-
ton against Richard France and Stephen Broadbent on a
single bill sealed with their seals and dated the 5th day
of February, 1859, by which for value received they
promised to pay to him, his heirs and assigns, the sum of
twenty thousand dollars in manner and form following,
the sum of one thousand dollars to be paid on the first
day of January, eighteen hundred and sixty, and the
balance thereof to be paid in nineteen annual instalments
of one thousand dollars each on the first day of January
in each and every year thereafter, until the whole sum
should be paid. France had been served with process in
the action, but the summons was returned *non est* as to

Broadbent, and the declaration filed against the former, noting the return as to the latter, was in debt for the instalment of one thousand dollars which was due and payable under it on the 1st day of January, 1861, and contained a common count in *indebitatus assumpsit* for work and labor performed by the plaintiff as the attorney of and for the defendants, and also a count for interest for money due and unpaid to him. To the declaration the defendant entered a general demurrer.

*Wootten*, for the defendant : The action in the case was on a single bill for twenty thousand dollars, payable in annual instalments of one thousand dollars each and *in toto* in a little less than twenty years from its date, and it was for the second instalment of one thousand dollars payable under it on the first day of January, 1862, the first instalment of the same amount due the preceding year, having he presumed been paid ; and to that declaration the defendant had demurred generally on the ground that no action will lie for an instalment of a single bill, as this was, until the whole debt promised to be paid in it became due, although the rule and the law was otherwise when the debt is secured to be paid by a penalty, but which was not the case in the present instance. *Rudder v. Price*, 1 *H. Black*. 547. 1 *Saund. Pl. and Ev.* 320. *Farnham v. Hay*, 3 *Blackf. Rep.* 167. *Fontaine v. Aresta*, 2 *McLean's Rep.* 127.

*C. S. Layton*, for the plaintiff: All the cases which had just been cited on the other side, referred to and depended on the case first cited of *Rudder v. Price*. The older cases, however, he would admit, were to the same effect. *Co. Lit.* 47. *F. N. B.* 131. 4 *Rep.* 94, *Slade's Case*. 2 *Saund.* 303, 304, *note* 6. 2 *Selw. N. P.* 471. 2 *Bac. Abr.* 280, were to the same point, and the reason assigned for the ruling as was thus stated by them was, that the action of debt is for a sum certain, which was the whole amount, and therefore it would not lie until the whole amount was due and

payable, and could not in the meantime be maintained for an instalment merely. All the cases, however, since that of *Rudder v. Price*, referred to it and relied upon it, as he had before remarked. But if he should succeed in showing, as he thought he could, that the decision in that case did not apply in the one then before the court, they must all go with it, so far at least, as the present case was concerned. In that case the action was in debt on a promissory note, a part of which was payable at one time and the balance on a subsequent day, and the reasoning and argument of Loughborough, C. J. in delivering the opinion of the court in it, was strongly against the justice, soundness and propriety of the rule in question. But he should confidently contend such was not now the rule. In that case the action was in debt on a promissory note, not upon a single bill as the present case was. The action of debt was the only legal remedy on such an instrument as this was, or upon a bond, and although formerly no action of debt would lie upon such an instrument until the whole amount of it was due, yet the law now was and had been otherwise since the enactment of the statute of 8th and 9th William the 3d. 1 *Archb. N. P.* 207. 6 *East* 550. But in the present case the action was for a sum certain, for the specific sum of one thousand dollars payable on a day certain appointed in the single bill, and the action of debt lies where there is a legal liability and a consequent promise implied by law to pay a sum certain whether due by specialty, record, or simple contract. *Smith on Actions at Law.* 60. *Law Libr.* 27, 81 *Ibd.* 85.

*Wootten*, in reply : The bill in question was a single bill and without any penalty, for the payment of a gross sum at the expiration of twenty years from the date of it ; in the meanwhile however, it was to be partially and progressively discharged in annual instalments. All the cases which he had cited and which had been cited on the other side in reference to the principle relied on by the plaintiff, had been decided on the sole ground that an

action of debt will not lie for a gross sum payable by instalments without a penalty, until the whole sum is payable, nor for an instalment of it in the meanwhile, whether it was by an instrument under seal, or by a promissory note merely. But in all the cases cited on the other side in which it had been decided that the action would lie for an instalment, it would be found that the payment of the instalments, as well as of the whole sum in the aggregate was secured by a penalty.

*The Court* sustained the demurrer and gave judgment upon it for the defendant.

---

JAMES H. REED v. HENRY B. FIDDEMAN ET AL.

Written notices of the time of holding an inquisition upon lands under execution process must be given to the defendant, and if the notice contains an error as to the time appointed for holding it, correct information given him the same day by the sheriff, verbally of the proper time of holding it, will not constitute a sufficient notice, and the sale will be set aside.

Rule to show cause wherefore an inquisition and sale of lands should not be set aside on judgments and executions levied upon the lands of James H. Reed at the suit of Henry B. Fiddeman and others. The affidavit of the plaintiff in the rule on which it was granted, alleged that ten days written notice had not been served upon him prior to the holding of the inquisition, and that he had no knowledge of the holding of it until after the last term of this court to which it was returned.

The proof was that it was held on the 24th day of September, 1861, prior to the last term of the court, and that the sheriff served written notice on the defendant in the execution by leaving such a notice at his house at least ten days before that time, which was the time that had been appointed and designated by him for holding the